

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

BOSTON
REGIONAL OFFICE

September 26, 2024

**By ECF**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *SEC v. Prager Metis CPAs, LLC*, 24 Civ. 7025 (PAE)

Dear Judge Engelmayer:

    Plaintiff Securities and Exchange Commission (the "SEC") and defendant Prager Metis CPAs, LLC ("Prager Metis") respectfully submit this letter seeking approval of the proposed final consent judgment (DE 4). Pursuant to the Court's Order dated September 19, 2024, this letter sets forth "(1) legal authority with respect to the scope of the Court's review of the proposed judgment and (2) the parties' views as to why the Court should approve the proposed final judgment." (DE 5).

    **I.**    **The Proposed Judgment**

    Without admitting or denying the SEC's allegations, Prager Metis consents to a judgment that would (1) enjoin Prager Metis from violating the negligence-based anti-fraud provisions of Section 17 of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(2), (3)]; (2) impose a civil penalty of $745,000; and (3) require Prager Metis to engage in certain undertakings addressing matters alleged in the Complaint. As described below, the proposed judgment is fair, reasonable, and, with respect to the injunctive relief, does not disserve the public interest under the standard set forth in *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014). The Court should therefore approve the proposed judgment.

    **II.**    **The Scope of the Court's Review of the Proposed Judgment**

    "[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved, … in the event that the consent decree includes

injunctive relief. Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Citigroup*, 752 F.3d at 294 (cleaned up).

The Second Circuit has explained that a district court evaluating the fairness and reasonableness of a consent judgment in an SEC matter should assess at least four factors: (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." *Id.* at 294-95 (citations omitted). The Second Circuit has emphasized that, when a court considers whether the "public interest would not be disserved" by a proposed injunction, "[t]he job of determining whether the proposed S.E.C. consent decree best serves the public interest … rests squarely with the S.E.C., and its decision merits significant deference." *Id.* at 296.

### III. The Proposed Judgment Is Fair and Reasonable.

The parties believe that the proposed judgment is fair and reasonable, and that it satisfies each of the above-described factors.

*First*, the remedies the judgment would impose are authorized by law. Congress has expressly authorized each type of remedy contemplated in the proposed judgment. *See* 15 U.S.C. §§ 77t(b) (injunctive relief), 77t(d) (monetary penalties); 15 U.S.C. § 78u(d)(5) (general equitable relief) ("In any action or proceeding brought or instituted by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors."). The Second Circuit has recognized that pursuant to a court's equitable powers, it may order ancillary, non-injunctive relief to effectuate the purposes of the federal securities laws. *See SEC v. Materia*, 745 F.2d 197, 200-201 (2d Cir. 1984). Although Prager Metis has neither admitted nor denied the allegations in the Complaint, the parties agree that the undertakings contemplated in the consent judgment are tailored to address the conduct alleged by the SEC and accordingly are the type of equitable relief the Court is authorized to impose.

*Second*, the terms of the consent judgment and their enforcement mechanisms are clear. The injunction simply prohibits Prager Metis from engaging in negligence-based securities fraud. The undertakings in Section III of the proposed judgment set forth clearly and in detail the specific obligations of Prager Metis. Furthermore, the proposed judgment makes clear that the Court would retain jurisdiction to enforce the judgment's terms. (DE 4 at 19.)

*Third*, the proposed judgment reflects a resolution of the claims in the Complaint. All remedies relate directly to the claims and the specific conduct alleged in the Complaint. And the Complaint's Prayer for Relief specifically requests permanent injunctions, monetary penalties, and "such other and further relief as this Court may deem just and proper." (DE 1 at 27.)

Hon. Paul A. Engelmayer  September 26, 2024
Page 3

*Fourth*, no improper collusion or corruption has tainted the proposed judgment, as the parties have reached the resolution through arm's length negotiations.

*Finally*, the public interest "would not be disserved" by the proposed injunction. *Citigroup*, 752 F.3d at 294. The injunction simply requires compliance with the negligence-based anti-fraud provisions of the securities laws. Furthermore, the Court should accord "significant deference" to the Commission's decision that imposing permanent injunctions "best serves the public interest." *Citigroup*, 752 F.3d at 296.

For these reasons, the parties respectfully request that the Court enter the proposed final consent judgment (DE 4).

Respectfully submitted,

For the Securities and Exchange Commission:

*/s/ David J. D'Addio*
David J. D'Addio
Amy Harman Burkart

For Prager Metis CPAs, LLC:

*/s/ Bruce R. Braun*
Bruce R. Braun
Joanna R. Travalini
Sidley Austin LLP